IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM H. ECKERT, ET AL.**                                                                                    **PLAINTIFFS**

v.                                                                                    CAUSE NO. 1:20-CV-19-LG-RHW

**AUSTIN ALEXANDER**

                                                                                                                **DEFENDANT**

## ORDER REQUIREING EVIDENCE OF SUBJECT MATTER JURISDICTION

**BEFORE THE COURT** is the consideration of subject-matter jurisdiction in the present action. Plaintiffs filed this lawsuit on January 16, 2020, alleging that Defendant misallocated payments and assets in connection with his management of a home construction project. Plaintiffs have alleged diversity jurisdiction. (Compl. ¶ 3). By way of counterclaim the Defendant has called into question the Court's subject-matter jurisdiction. Defendant alleges a lack of complete diversity and specifically alleges that Plaintiffs are domiciled in Mississippi. *See* (Answer ¶ 2, Countercl. ¶ 3b, ECF No. 20).

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. The lack of subject-matter jurisdiction may be raised at any time during pendency of the case by any party or by the court. Fed. R. Civ. P. 12(h)(3).

Here, the Defendant has raised the claim that Plaintiffs are domiciled in Mississippi, thus defeating complete diversity of citizenship. A change in domicile typically requires only the concurrence of: (1) physical presence at the new location

and (2) an intention to remain there indefinitely.  *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).  Thus, a person who has the clear intent to change domicile does not accomplish the change until he is physically present in the new location with that intent. On the other hand, mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent.  *Id.*

In determining a litigant's domicile, the court must address a variety of factors.  No single factor is determinative.  The court should look to all evidence shedding light on the litigant's intention to establish domicile.  The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.  *Coury*, 85 F.3d at 251 (citing *Lew v. Moss,* 797 F.2d 747 (9th Cir. 1986); *Hendry v. Masonite Corp.,* 455 F.2d 955 (5th Cir. 1972), *cert. denied,* 409 U.S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315 (1972); 1 J. Moore, Moore's Federal Practice § 0.74 [3.–3] n. 18 (1996)).

In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties.  *See, e.g. Jones v. Landry,* 387 F.2d 102 (5th Cir. 1967).  Here, the Court has only the bare allegations of citizenship in the Complaint and Defendant's claims in

the responsive pleadings.[1]  In the opinion of the Court, Defendant's claims warrant determination of subject-matter jurisdiction before this matter proceeds further. Therefore, the Court will grant leave to provide evidence or domicile and complete diversity of parties.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the parties are granted ten (10) days from the date of this Order within which to provide addition briefs and evidence of complete diversity of citizenship and subject-matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 2nd day of July, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] A party's allegations are not sufficient to prove citizenship. *Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181 F.3d 97 (5th Cir. 1999).